IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIK WILSON<br>232 Northampton Drive<br>Willingboro, NJ 08046<br><br>                     Plaintiff,<br><br>          v.<br><br>RENT-A-CENTER<br>2516 Burlington-Mt. Holly Road<br>Burlington, NJ 08016<br><br>                     Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Malik Wilson (hereinafter "Plaintiff") by and through undersigned counsel hereby complains as follows against Rent-A-Center (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), the Family and Medical Leave Act ("FMLA"), the New Jersey Family Leave Act ("NJFLA"), and the New Jersey Law Against Discrimination ("NJLAD"). Defendant failed to notify Plaintiff of his rights under the FMLA and the NJFLA. Additionally, Defendant fired Plaintiff due to his race and/or in retaliation for complaining about racial harassment and discrimination and/or because he took a leave of absence to care for his newborn son. Accordingly, Plaintiff asserts Defendant interfered with his rights under the FMLA and the NJFLA, and discriminated against him in violation of Title VII, Section 1981, the FMLA, the NJFLA, and NJLAD.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff has raised federal claims herein under the FMLA, Title VII, and Section 1981.

3.     This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5.     Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.     The foregoing paragraphs are incorporated herein as if set forth in full.

7.     Plaintiff is an adult individual with an address as set forth in the caption.

8.     Defendant is a corporation that conducts business within the state of New Jersey at the address set forth in the caption.

9.     At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein as if set forth in full.

11. In or around the summer 2016, Defendant hired Plaintiff as a Delivery Driver at Defendant's Camden, New Jersey location.

12. Plaintiff is African American.

13. Throughout the entirety of Plaintiff's employment, Plaintiff had no write ups or disciplinary actions.

14. In or around March 2017, Defendant transferred Plaintiff to Defendant's Burlington, New Jersey location.

15. Plaintiff began reporting to Supervisor Edwin Neco (hereinafter "Supervisor Neco").

16. Supervisor Neco is Hispanic.

17. Shortly after Plaintiff's transfer, Supervisor Neco began making racist remarks about African American employees.

18. By way of example, Supervisor Neco said *"I'm tired of all these lazy black people who don't pay their bills."*

19. In or around early April 2017, Plaintiff complained to Defendant about the racial harassment/discriminatory environment.

20. In response to Plaintiff's complaint, District Manager Kim Singleton (hereinafter "Manager Kim") met with Plaintiff and instructed him to complain directly to her next time so she could "handle it."

21. Thereafter, on or around April 10, 2017, Plaintiff informed Manager Kim and Supervisor Neco that his son was due to be born very soon and he needed time off for his birth and to care for him thereafter.

22. Manager Kim instructed Plaintiff to take the rest of the week off work.

23. On April 18, 2017, Plaintiff's son was born.

24. On April 19, 2017, Plaintiff returned to work.

25. Thereafter, in or around mid-October 2017, Supervisor Neco verbally disciplined Plaintiff on multiple occasions for wearing shorts.

26. Plaintiff explained to Supervisor Neco that he had worn shorts throughout his employment at both of Defendant's locations and had never been disciplined for wearing shorts before.

27. Furthermore, Plaintiff's Caucasian co-worker was permitted to wear shorts, but was not disciplined.

28. Plaintiff then requested that he be permitted to wear cargo pants as the other delivery driver (who is Caucasian) wore cargo pants.

29. Supervisor Neco told Plaintiff that cargo pants were not compliant with Defendant's dress code; however, the other delivery driver was allowed to continue wearing cargo pants.

30. On or around October 20, 2017, Supervisor Neco suspended Plaintiff for wearing shorts.

31. Plaintiff explained to Supervisor Neco he would purchase the clothing he requested when he received his paycheck.

32. Plaintiff called Manager Kim approximately six (6) times to report the harassment however, Manager Kim did not respond.

33. On October 23, 2017, Defendant fired Plaintiff.

34. Defendant fired Plaintiff based on the information provided to it by Supervisor Neco.

35. To the extent Defendant fired Plaintiff for not complying with an alleged dress code, Defendant subjected Plaintiff to discriminatory disparate treatment based on race, because the Caucasian delivery driver was repeatedly permitted to dress out-of-compliance with said dress code without getting suspended or terminated.

36. Defendant's reason for terminating Plaintiff was pretext for Defendant's actual motives, as held by Plaintiff's supervisor, who fired or caused to be fired Plaintiff.

37. In reality, Defendant fired Plaintiff due to his race, and/or in retaliation for Plaintiff's complaints about racial harassment and/or a racially hostile work environment, and/or in retaliation for Plaintiff requesting and/or taking time off to care for his newborn and/or to prevent Plaintiff from taking further time off.

38. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
## Violations of Title VII of the Civil Rights Act of 1964
**(Racial Discrimination)**

39. The foregoing facts are incorporated herein as if set forth in their entirety.

40. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII.

41. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII.

42. Title VII prohibits employers, such as Defendant, from terminating an employee on the basis of race.

43. By terminating Plaintiff (an African-American) for the same offense that a Caucasian employee in the same job function also committed without being terminated, Defendant subjected Plaintiff to the adverse action of termination because of his race.

44. Defendant's Supervisor Neco terminated or caused to be terminated Plaintiff because of Neco's animus towards African-Americans.

45. Defendant violated Plaintiff's rights under Title VII by terminating Plaintiff because of his race.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964
### (Retaliation)

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Plaintiff complained about Defendant's racially harassing language in the workplace.

48. Plaintiff's belief that such language constituted an unlawful hostile work environment and racial harassment based on race was reasonable.

49. Complaining about racial harassment in the workplace is a protected activity under Title VII.

50. Defendant fired Plaintiff because he complained about racial harassment.

51. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
### Violations of Section 1981 of the Civil Rights Act of 1866
### (Racial Discrimination)

52. The foregoing facts are incorporated herein as if set forth in their entirety.

53. Section 1981 prohibits employers, such as Defendant, from terminating an employee on the basis of race.

54. Defendant violated Plaintiff's rights under Section 1981 by terminating Plaintiff because of his race.

## COUNT IV
### Violations of Section 1981 of the Civil Rights Act of 1866
### (Retaliation)

55. The foregoing facts are incorporated herein as if set forth in their entirety.

56. Complaining about racial harassment in the workplace is a protected activity under Section 1981.

57. Defendant fired Plaintiff because he complained about racial harassment.

58. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT V
### Violations of the Family Medical Leave Act
### (Interference)

59. The foregoing paragraphs are incorporated herein as if set forth in full.

60. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

61. As of June 2017, Plaintiff was employed with Defendant for at least twelve (12) months.

62. Further, Plaintiff has at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of Plaintiff informing Defendant of his need for family medical leave.

63. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2016 or 2017.

64. Plaintiff required time off from work to care for his newborn son.

65. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

66. Defendant interfered with Plaintiff's FMLA rights by failing to provide him with an individualized notification of same.

67. Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff.

68. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT VI
### Violations of the Family Medical Leave Act
### (Retaliation)

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. Defendant retaliated against Plaintiff by firing him because of his need for an FMLA-protected leave of absence.

71. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT VII
### Violations of the New Jersey Family Leave Act
### (Interference)

72. The foregoing paragraphs are incorporated herein as if set forth in full.

73. Plaintiff was an eligible employee under the definitional terms of the NJFLA.

74. As of June 2017, Plaintiff was employed with Defendant for at least twelve (12) months.

75. Further, Plaintiff had at least 1,000 hours of service with Defendant during the twelve (12) month period.

76. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2017 or 2016.

77. Plaintiff was entitled to receive leave pursuant to the NJFLA for a total of twelve (12) workweeks, and Defendant was not permitted to interfere with these rights.

78. Defendant interfered with Plaintiff's rights under the NJFLA by failing to provide him with notice of his rights under the NJFLA.

79. Defendant interfered with Plaintiff's rights under the NJFLA by firing Plaintiff.

80. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VIII
## Violations of the New Jersey Family Leave Act
## (Retaliation)

81. The foregoing paragraphs are incorporated herein as if set forth in full.

82. Defendant retaliated against Plaintiff by firing him for needing NJFLA leave.

83. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IX
## Violations of the New Jersey Law Against Discrimination
## (Racial Discrimination)

84. The foregoing facts are incorporated herein as if set forth in their entirety.

85. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

86. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

87. The NJLAD prohibits employers, such as Defendant, from terminating an employee on the basis of race.

88. Discrimination against an employee because of race constitutes racial discrimination under the NJLAD.

89. Defendant violated Plaintiff's rights under the NJLAD by firing Plaintiff because of his race.

90. Defendant's actions constitute violations of the NJLAD.

## COUNT X
### Violations of the New Jersey Law Against Discrimination
### (Retaliation)

91. The foregoing paragraphs are incorporated herein as if set forth in full.

92. Plaintiff complained about racial discrimination.

93. Complaining about discrimination in the workplace is a protected activity under the NJLAD.

94. Defendant fired Plaintiff because he complained about racial discrimination.

95. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their race.

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated damages (under the FMLA) and/or punitive damages (under the NJFLA and the NJLAD) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F. Plaintiff's claims are to receive a trial by jury.

G. Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper and appropriate.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Joshua S. Boyette*
Joshua Boyette, Esq.
1101 N. Kings Highway Ste 402
Cherry Hill, NJ 08003
Phone (856) 685-7420
Fax (856) 685-7417
Email: jboyette@swartz-legal.com

Dated: August 21, 2018